O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM D. CHATMAN,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case Nos. CV 14-7674-CAS<br>              CR 11-384-CAS<br><br>ORDER GRANTING<br>RESPONDENT'S MOTION TO<br>DISMISS |

## I. INTRODUCTION

On October 25, 2011, petitioner William D. Chatman pled guilty to one count of conspiracy to distribute, and to possess with intent to distribute, Oxycodone, in violation of 21 U.S.C. § 841. Dkt. 75, 87.[1] The plea agreement provided that, in addition to waiving his right to raise certain claims on direct appeal, Chatman gave up his right to collaterally attack his conviction or sentence except based on ineffective assistance of counsel, newly discovered evidence, or an explicitly retroactive change in applicable Sentencing Guidelines or statutes. Dkt. 75 at 9-10. In May 2013, this court sentenced

---

[1] All docket numbers refer to case number CR11-384-CAS.

Chatman to 84 months of imprisonment. Dkt. 178, 179. Chatman did not appeal his conviction or sentence.

On September 26, 2014, Chatman filed a "Motion for Correction of Sentence Pursuant to [Federal] Rule[s] [of Criminal Procedure] 35(a) and 36" or, in the alternative, Federal Rule of Civil Procedure 60(b). Dkt. 226 at 1, 3. Despite the waiver contained in his plea agreement, Chatman does not base his motion on ineffective assistance of counsel, newly discovered evidence, or an explicitly retroactive change in applicable Sentencing Guidelines or statutes. Instead, he asks the court to lower his term of incarceration on the grounds that several of his previous state convictions have been "dismissed." Id. at 2. The court construes the request as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On November 6, 2014, the government filed its motion to dismiss Chatman's motion. Dkt. 231. On January 13, 2015, Chatman sought an extension of time to respond. Dkt. 233. On January 26, 2015, the court granted his request and ordered him to file his reply no later than February 15, 2015. Dkt. 234. However, Chatman has neither filed a reply nor requested a second extension, despite the fact that the February 15, 2015 deadline has passed. For the reasons stated below, the court grants the motion to dismiss.

## II. FED. R. CIV. P. 60(b), FED. R. CRIM. P. 35(A), AND FED. R. CRIM. P. 36 DO NOT APPLY.

### 1. Fed. R. Civ. P. 60(b)

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" in light of certain enumerated events, and Rule 60(b)(6) permits the court to do so for "any other reason that justifies relief." Criminal cases, however, are governed not by the Federal Rules of Civil Procedure, but instead by the Federal Rules of Criminal Procedure. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings . . . ."); Fed. R. Crim. P.

1(a)(1) ("These rules govern the procedure in all criminal proceedings . . . ."). Therefore, Rule 60(b) cannot provide the relief Chatman requests.

### 2. Fed. R. Crim. P. 35(a)

Turning to the Federal Rules of Criminal Procedure, Rule 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error." As Chatman did not file his motion within the 14-day window, and does not seek to lower his sentence due to "arithmetical, technical or other clear error," he cannot obtain Rule 35(a) relief. See United States v. Portin, 20 F. 3d 1028, 1029-30 (9th Cir. 1994) (distinguishing proper application of Rule 35(a) to correct sentence imposed in violation of statute from improper application of rule to correct fines imposed in exercise of district court's discretion).

### 3. Fed. R. Crim. P. 36

Similarly, Federal Rule of Criminal Procedure 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." Because Chatman's request concerns neither a "clerical error," nor an error "arising from an oversight or omission," Rule 36 does not apply. See United States v. Mackay, 757 F.3d 195, 200 (5th Cir. 2014), cited by Chatman in Dkt. 226 at 1 ("[L]et it be clearly understood that Rule 36 is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes and no new additional legal perambulations which are reachable through Rule 36.") (internal punctuation and citations omitted).

/ / /
/ / /
/ / /

## B. TO THE EXTENT THAT THE COURT CONSTRUES CHATMAN'S MOTION AS A 28 U.S.C. § 2255 PETITION, IT IS BARRED BY THE STATUTE OF LIMITATIONS.

The Court finds that Chatman's motion should be construed as a § 2255 motion, and dismissed because the one-year statute of limitations has run. Dkt. 5 at 7. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973). "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." Id. at 490. "Prisoners may not attempt to evade habeas procedural requirements by characterizing their claims as seeking some other type of relief." Bogovich v. Sandoval, 189 F.3d 999, 1002 (9th Cir. 1999).

Section 2255 provides that a "1-year period of limitation" runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where a defendant does not appeal, his conviction becomes final when the time to file the notice of appeal expires – that is, 14 days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A)(i); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000). The court entered Chatman's sentencing and judgment order on May 14, 2013. Dkt. 179. Chatman did not appeal the judgment, so his conviction became final on May 28, 2013.[2] Since Chatman filed his motion on September 26, 2014, more than one year after his conviction became final, the motion is untimely.

The Ninth Circuit permits equitable tolling of the § 2255 statute of limitations "only if 'extraordinary circumstances' beyond a prisoner's control make it impossible

---

[2] The government mistakenly indicates that Chatman's "conviction became final on May 29, 2013, because the Court entered its Judgment and Commitment Order on May 15, 2013." Dkt. 231 (citing dkt. 179). Even if the government were correct, Chatman's challenge would still be late.

4

to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The Ninth Circuit has stated that "district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 522 U.S. 1099, 118 S. Ct. 899 (1998), overruled on other grounds, Calderon v. United States Dist. Ct., 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060, 119 S. Ct. 1377 (1999).

Chatman bears the burden of proving that he merits equitable tolling because his tardiness resulted from extraordinary circumstances. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Chatman has made no attempt to demonstrate "extraordinary circumstances" or otherwise to explain his failure to request relief from his sentence within the statute of limitations. Accordingly, to the extent that the court construes his motion as a § 2255 petition, it is barred by the one-year statute of limitations.[3]

## IV. CONCLUSION

In accordance with the foregoing, the court GRANTS the government's motion to dismiss Chatman's motion.

IT IS SO ORDERED.

Dated: March 3, 2015

*Christina A. Snyder*

CHRISTINA A. SNYDER
United States District Judge

---

[3] Because the court concludes that Chatman's motion is time-barred, it need not reach the government's further argument that he cannot properly assert a non-constitutional sentencing error in a § 2255 petition. Dkt. 231 at 5.